**Mohamadu FOFANA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–70704.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 22, 2007.

---

* This panel unanimously finds this case suit-

able for decision without oral argument. *See*

Mohamadu Fofana, Las Vegas, NV, pro se.

District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Melissa Neiman–Kelting, Peter H. Matson, U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN and M. SMITH, Circuit Judges.

## MEMORANDUM **

Mohamadu Fofana, a native and citizen of Guinea Bissau, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the BIA's denial of asylum based on an adverse credibility finding because Fofana failed to establish his identity and nationality with credible testimony. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (an applicant's eligibility for asylum depends on the credible establishment of his identity). In the absence of credible testimony, Fofana also failed to provide non-duplicative, material, easily-available corroborating evidence in support of his identity and nationality. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000).

Because Fofana failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah*, 348 F.3d at 1156.

Because Fofana's claim under the CAT is based on the same testimony that the BIA found not credible, and he points to no other evidence that he could claim the BIA should have considered in making the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

CAT determination, his CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publica-     tion and is not precedent except as provided